UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE SILVIS, *on behalf of herself and others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>BATH CONCEPTS INDUSTRIES, LLC,<br><br>Defendant. | Civil Action No.: _____<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**NATURE OF THIS ACTION**

1. Stephanie Silvis ("Plaintiff") brings this class action against Bath Concepts Industries, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred here, namely, Defendant's calls to Plaintiff were made from this District.

1

## PARTIES

5. Plaintiff is a natural person.

6. Defendant is a limited liability company headquartered in Lake County, Illinois, which is located within this District.

## BACKGROUND

7. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

8. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or

injunctive relief. Id. This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

## FACTUAL ALLEGATIONS

9. Plaintiff is, and has been for many years, the subscriber to and customary user of her cellular telephone number 724-840-XXXX.

10. Plaintiff uses, and at all times used, telephone number 724-840-XXXX as her personal residential telephone number.

11. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the telephone number for business purposes.

12. Plaintiff has never been a customer of Defendant, not has Plaintiff ever consent to receive calls from Defendant.

13. Plaintiff's number has been on the National Do Not Call Registry since April 2005.

14. Despite this, Plaintiff received at least 61 calls from Defendant this year soliciting their bath remodeling services.

15. The phone numbers that called Plaintiff's number were all traced back to a prerecorded dial tree identified as "BCI Acrylic."

16. A call back to the numbers identifies the company as "Bath Planet" and gave counsel the web address of www.bathplanet.com.

17. The website www.bathplanet.com it titled "Bath Planet by Bath Concepts" and confirms that Bath Planet's parent company is Bath Concepts Industries, LLC.[1]

18. The 61 calls Plaintiff received were made by Defendant from September 15, 2025 to October 11, 2025.

19. All of the calls came from (412) XXX-XXXX numbers.

20. From September 22 through the current date, Defendant called Plaintiff almost daily, sometimes multiple times per day.

21. This included a call on October 22, 2025 where the Defendant's telemarketer offered "bath time sets" to the Plaintiff, an offer that is similar to a bathroom remodeling service.

22. Indeed, that is what all of the calls from the Defendant intended to promote and the Defendant's website confirms they make such offerings. *See* https://www.bcibathrooms.com/

23. Defendant delivered, or caused to be delivered, the subject calls to telephone number 724-840-XXXX thirty-one or more days after Plaintiff's number was registered with the DNC Registry.

24. The purpose of the subject calls was to advertise and market Defendant's business or services.

25. Plaintiff did not request information or promotional materials from Defendant.

26. Plaintiff suffered actual harm as a result of the subject calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

27. Upon information and good faith belief, Defendant knew, or should have known, that telephone number 724-840-XXXX was registered with the DNC Registry.

---

[1] *See* https://www.bathplanet.com/about-us/.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> **Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

29. Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

30. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

31. The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

32. The Class is ascertainable because it is defined by reference to objective criteria.

33. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

34. Plaintiff's claims are typical of the claims of the members of the Class.

35. As it did for all members of the class, Defendant made solicitation calls to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

36. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

37. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

38. Plaintiff suffered the same injuries as the members of the Class.

39. Plaintiff will fairly and adequately protect the interests of the members of the Class.

40. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

41. Plaintiff will vigorously pursue the claims of the members of the Class.

42. Plaintiff has retained counsel experienced and competent in class action litigation.

43. Plaintiff's counsel will vigorously pursue this matter.

44. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

45. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

46. Issues of law and fact common to all members of the Class are:

   a. Defendant's conduct, pattern, and practice as it pertains to making telemarketing calls to telephone numbers already registered on the DNC Registry for more than thirty days;

   b. Defendant's violations of the TCPA; and

   c. The availability of statutory penalties.

47. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

48. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

49. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

50. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

51. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

52. The damages suffered by the individual members of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

53. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

54. There will be no extraordinary difficulty in the management of this action as a class action.

55. Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-54.

57. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

58. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

59. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

60. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

61. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

62. Defendant violated 47 U.S.C. § 227(c)(5) because it placed telemarketing and solicitations calls to Plaintiff and members of the Class, more than once in a 12-month period in violation of 47 C.F.R. § 64.1200.

63. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a Class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as Class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including placing telemarketing calls to numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 24th day of October, 2025.

> Respectfully submitted,
>
> */s/ Samuel J. Strauss*
> Samuel J. Strauss
> **STRAUSS BORRELLI, PLLC**
> 980 North Michigan Avenue, Suite 1610
> Chicago, Illinois 60611
> Telephone: (872) 263-1100
> sam@straussborrelli.com
>
> Anthony Paronich
> **PARONICH LAW, P.C**.
> 350 Lincoln St., Suite 2400
> Hingham, MA 02043
> Telephone: (617) 485-0018
> anthony@paronichlaw.com
>
> *Attorneys for Plaintiff and the Proposed Class*