**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STEPHANIE SILVIS, *on behalf of herself and others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>BATH CONCEPTS INDUSTRIES, LLC,<br><br>Defendant. | Civil Action No.: 1:25-cv-13006 |

**DEFENDANT BATH CONCEPTS INDUSTRIES, LLC'S**
**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Bath Concepts Industries, LLC. ("BCI" or "Defendant"), by and through its undersigned counsel, as and for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Stephanie Silvis ("Silvis" or "Plaintiff"), states as follows:

**NATURE OF THIS ACTION**

1.     Stephanie Silvis ("Plaintiff") brings this class action against Bath Concepts Industries, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**ANSWER:**     BCI admits that Plaintiff's Complaint has alleged violations of the Telephone Consumer Protection Act. BCI affirmatively alleges that Plaintiff does not have a viable claim because Plaintiff consented to receiving calls from BCI. BCI denies the remaining allegations in paragraph 1.

2.     Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**ANSWER:**     BCI states that the allegations of paragraph 2 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations in this

paragraph. Specifically, BCI denies that it has ever delivered or caused to be delivered more than one advertisement or marketing call without prior express invitation or permission. BCI further states that the cited rule speaks for itself.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

**ANSWER:**     The allegations of paragraph 3 are legal conclusions to which no answer is required. To the extent any further response is required, BCI denies the allegations in this paragraph.

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred here, namely, Defendant's calls to Plaintiff were made from this District.

**ANSWER:**     BCI admits that BCI called Plaintiff. BCI states that Plaintiff consented to BCI's calls on September 15, 2025. BCI denies the remaining allegations in paragraph 4

## PARTIES

5.     Plaintiff is a natural person.

**ANSWER:**     BCI lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5.

6.     Defendant is a limited liability company headquartered in Lake County, Illinois, which is located within this District.

**ANSWER:**     BCI admits it is a limited liability company headquartered in Lake County, Illinois. BCI denies that it is organized under the laws of the State of Illinois.

## BACKGROUND

7.     "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests,

and commercial freedoms' id. § 2(9).

**ANSWER:**   BCI admits that Congress passed the Telephone Consumer Protection Act of 1991

and that this law is codified at 47 U.S.C. § 227.  BCI further states that the statute speaks for itself

and denies any allegations that are inconsistent with the text of the statute. BCI denies the

remaining allegations of paragraph 7.

      8.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not- call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. Id. This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:**   BCI admits that Congress passed the Telephone Consumer Protection Act of 1991

and that this law is codified at 47 U.S.C. § 227.  BCI further admits that 16 C.F.R. § 310.1-.9

contains various rules adopted pursuant to the Telephone Consumer Protection Act of 1991.  BCI

further states that the statute and rules speak for themselves and denies any allegations that are

inconsistent with the text of the statute or the text of the rules.  BCI denies the remaining

allegations of paragraph 8.

## FACTUAL ALLEGATIONS

      9.    Plaintiff is, and has been for many years, the subscriber to and customary user of her cellular telephone number 724-840-XXXX.

**ANSWER:**   BCI lacks knowledge or information sufficient to form a belief about the truth of the

allegations of paragraph 9. BCI affirmatively alleges that on September 15, 2025, Plaintiff

subscribed and consented to receiving calls from BCI on the cellular telephone 724-840-XXXX.

10.    Plaintiff uses, and at all times used, telephone number 724-840-XXXX as her personal residential telephone number.

**ANSWER:**    BCI lacks knowledge or information sufficient to form a belief about the truth of the

allegations of paragraph 10. BCI affirmatively alleges that on September 15, 2025, Plaintiff

subscribed and consented to receiving calls from BCI on the cellular telephone 724-840-XXXX.

11.    Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the telephone number for business purposes.

**ANSWER:**    BCI lacks knowledge or information sufficient to form a belief about the truth of the

allegations of paragraph 11. BCI affirmatively alleges that on September 15, 2025, Plaintiff

subscribed and consented to receiving calls from BCI on the cellular telephone 724-840-XXXX.

BCI denies the remaining allegations in paragraph 11.

12.    Plaintiff has never been a customer of Defendant, not has Plaintiff ever consent to receive calls from Defendant.

**ANSWER:**    BCI admits that Plaintiff has never been a customer of Defendant. BCI denies that

Plaintiff did not consent to receive calls from BCI. BCI affirmatively alleges that on September 15,

2025, Plaintiff subscribed and consented to receiving calls from BCI on the cellular telephone 724-

840-XXXX. BCI denies the remaining allegations in paragraph 12.

13.    Plaintiff's number has been on the National Do Not Call Registry since April 2005.

**ANSWER:**    BCI lacks knowledge or information sufficient to form a belief about the truth of the

allegations of paragraph 13. BCI affirmatively alleges that on September 15, 2025, Plaintiff

subscribed and consented to receiving calls from BCI on the cellular telephone 724-840-XXXX.

14.    Despite this, Plaintiff received at least 61 calls from Defendant this year soliciting their bath remodeling services.

**ANSWER:**    BCI admits that Plaintiff received calls from BCI. BCI affirmatively alleges that on

September 15, 2025, Plaintiff subscribed and consented to receiving calls from BCI on the cellular

telephone 724-840-XXXX. BCI denies the remaining allegations in paragraph 14.

15.     The phone numbers that called Plaintiff's number were all traced back to a prerecorded dial tree identified as "BCI Acrylic."

**ANSWER:**     BCI lacks information sufficient to form a belief as to the truth or falsity of the

allegations of paragraph 15.  BCI affirmatively alleges that on September 15, 2025, Plaintiff

subscribed and consented to receiving calls from BCI on the cellular telephone 724-840-XXXX.

BCI denies the remaining allegations in paragraph 15.

16.     A call back to the numbers identifies the company as "Bath Planet" and gave counsel the web address of www.bathplanet.com.

**ANSWER:**     BCI affirmatively alleges that on September 15, 2025, Plaintiff subscribed and

consented to receiving calls from BCI. BCI denies the remaining allegations in paragraph 16.

17.     The website www.bathplanet.com it titled "Bath Planet by Bath Concepts" and confirms that Bath Planet's parent company is Bath Concepts Industries, LLC.[1]

**ANSWER:**     BCI admits that the "About Bath Planet" page states that "our parent company Bath

Concepts Industries, LLC was founded by Scott Rosenbach. . ." BCI further states that the cited

webpage speaks for itself and denies all allegations that are inconsistent with the text of the

webpage. BCI denies the remaining allegations in paragraph 17.

18.     The 61 calls Plaintiff received were made by Defendant from September 15, 2025 to October 11, 2025.

**ANSWER:**     BCI admits that it placed calls to Plaintiff from September 15, 2025 to October 11,

2025. BCI affirmatively alleges that on September 15, 2025, Plaintiff consented to receiving calls

from BCI. BCI denies the remaining allegations in paragraph 18.

19.     All of the calls came from (412) XXX-XXXX numbers.

---

[1] *See* https://www.bathplanet.com/about-us/.

**ANSWER:** BCI admits that it called Plaintiff. BCI affirmatively alleges that Plaintiff consented to receiving "all of the calls." BCI lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 19.

20. From September 22 through the current date, Defendant called Plaintiff almost daily, sometimes multiple times per day.

**ANSWER:** BCI admits that BCI called Plaintiff. BCI denies that it started calling Plaintiff on September 22, 2025. BCI denies it that continues to call Plaintiff "through the current date." BCI affirmatively alleges that Plaintiff subscribed and consented to receiving calls from BCI. BCI denies the remaining allegations in paragraph 20.

21. This included a call on October 22, 2025 where the Defendant's telemarketer offered "bath time sets" to the Plaintiff, an offer that is similar to a bathroom remodeling service.

**ANSWER:** BCI admits that BCI called Plaintiff on October 22, 2025. BCI affirmatively alleges that Plaintiff subscribed and consented to receiving calls from BCI. BCI denies the remaining allegations in paragraph 21.

22. Indeed, that is what all of the calls from the Defendant intended to promote and the Defendant's website confirms they make such offerings. *See* https://www.bcibathrooms.com/

**ANSWER:** BCI admits that it offers "bath time sets." BCI states that BCI's website speaks for itself. BCI affirmatively alleges that Plaintiff subscribed and consented to receiving calls from BCI. BCI denies the remaining allegations in paragraph 22.

23. Defendant delivered, or caused to be delivered, the subject calls to telephone number 724-840-XXXX thirty-one or more days after Plaintiff's number was registered with the DNC Registry.

**ANSWER:** BCI admits that it called Plaintiff. BCI affirmatively alleges that Plaintiff subscribed and consented to receiving calls from BCI. BCI denies the remaining allegations of paragraph 23.

24. The purpose of the subject calls was to advertise and market Defendant's business or services.

**ANSWER:** BCI admits that it called Plaintiff. BCI admits that it called Plaintiff to advertise and

market BCI's business. BCI affirmatively alleges that Plaintiff subscribed and consented to

receiving the subject calls from BCI. BCI denies the remaining allegations in paragraph 24.

25.    Plaintiff did not request information or promotional materials from Defendant.

**ANSWER:**    BCI denies the allegations in paragraph 25. BCI affirmatively alleges that Plaintiff

subscribed and consented to receiving information or promotional materials from BCI.

26.    Plaintiff suffered actual harm as a result of the subject calls in that she suffered an
invasion of privacy, an intrusion into her life, and a private nuisance.

**ANSWER:**    BCI denies the allegations of paragraph 26.

27.    Upon information and good faith belief, Defendant knew, or should have known,
that telephone number 724-840-XXXX was registered with the DNC Registry.

**ANSWER:**    BCI denies the allegations in paragraph 27. BCI affirmatively alleges that Plaintiff

subscribed and consented to receiving calls from BCI.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a
representative of the following class (the "Class"):

> **Do Not Call Registry Class:** All persons in the United States whose (1) residential
> telephone numbers were on the National Do Not Call Registry for at least 31 days,
> (2) but who received more than one telemarketing call from or on behalf of
> Defendant (3) within a 12-month period (4) from the four years prior to the filing of
> the complaint through the date of trial.

**ANSWER:**    BCI admits that Plaintiff has styled her Complaint as a class action. BCI denies that

class certification is appropriate or that the proposed class definitions are workable or ascertainable.

29.    Excluded from the Class is Defendant, its officers and directors, members of their
immediate families and their legal representatives, heirs, successors, or assigns, and any entity in
which Defendant has or had a controlling interest.

**ANSWER:**    BCI denies the allegations of paragraph 29.

30.    Upon information and belief, the members of the Class are so numerous that joinder
of all of them is impracticable.

**ANSWER:**    BCI denies the allegations of paragraph 30.

31.     The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

**ANSWER:**     BCI denies the allegations of paragraph 31.

32.     The Class is ascertainable because it is defined by reference to objective criteria.

**ANSWER:**     BCI denies the allegations of paragraph 32.

33.     In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

**ANSWER:**     BCI denies the allegations of paragraph 33.

34.     Plaintiff's claims are typical of the claims of the members of the Class.

**ANSWER:**     BCI denies the allegations of paragraph 34.

35.     As it did for all members of the class, Defendant made solicitation calls to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

**ANSWER:**     BCI denies the allegations of paragraph 35.

36.     Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

**ANSWER:**     BCI denies the allegations of paragraph 36.

37.     Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

**ANSWER:**     BCI denies the allegations of paragraph 37.

38.     Plaintiff suffered the same injuries as the members of the Class.

**ANSWER:**     BCI denies the allegations of paragraph 38.

39.     Plaintiff will fairly and adequately protect the interests of the members of the Class.

**ANSWER:**     BCI denies the allegations of paragraph 39.

40.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

**ANSWER:**     BCI denies the allegations of paragraph 40.

41.     Plaintiff will vigorously pursue the claims of the members of the Class.

**ANSWER:**     BCI denies the allegations of paragraph 41.

42.     Plaintiff has retained counsel experienced and competent in class action litigation.

**ANSWER:**     BCI lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42.

43.     Plaintiff's counsel will vigorously pursue this matter.

**ANSWER:**     BCI lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43.

44.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

**ANSWER:**     BCI lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 44.

45.     The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

**ANSWER:**     BCI states that the allegations of paragraph 45 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 45.

46.     Issues of law and fact common to all members of the Class are:
   a. Defendant's conduct, pattern, and practice as it pertains to making telemarketing calls to telephone numbers already registered on the DNC Registry for more than thirty days;
   b. Defendant's violations of the TCPA; and
   c. The availability of statutory penalties.

**ANSWER:**     BCI states that the allegations of paragraph 46 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 46.

47.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

**ANSWER:** BCI states that the allegations of paragraph 47 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 47.

48. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

**ANSWER:** BCI states that the allegations of paragraph 48 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 48.

49. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

**ANSWER:** BCI states that the allegations of paragraph 49 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 49.

50. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

**ANSWER:** BCI states that the allegations of paragraph 50 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 50.

51. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

**ANSWER:** BCI states that the allegations of paragraph 51 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 51.

52. The damages suffered by the individual members of the Class may be relatively

small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

**ANSWER:**    BCI states that the allegations of paragraph 52 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 52.

53.    The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

**ANSWER:**    BCI states that the allegations of paragraph 53 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 53.

54.    There will be no extraordinary difficulty in the management of this action as a class action.

**ANSWER:**    BCI states that the allegations of paragraph 54 are legal conclusions to which no response is required. To the extent further response is required, BCI denies the allegations of paragraph 54.

55.    Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

**ANSWER:**    BCI denies the allegations of paragraph 55.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-54.

**ANSWER:**    BCI realleges and incorporates its answers to factual allegations contained in paragraphs 1-55 of the Complaint as if fully set forth herein.

57.    In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039

(2003).

**ANSWER:** BCI states that the allegations of paragraph 57 are legal conclusions to which no response is required. BCI further states that the cited case speaks for itself and denies all allegations that are inconsistent with the text of the case. To the extent a further answer is required, BCI denies the allegations of paragraph 57.

58. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**ANSWER:** BCI states that the allegations of paragraph 58 are legal conclusions to which no response is required. BCI further states that the cited rule speaks for itself and denies all allegations that are inconsistent with the text of the rule. To the extent a further answer is required, BCI denies the allegations of paragraph 58.

59. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

**ANSWER:** BCI states that the allegations of paragraph 59 are legal conclusions to which no response is required. BCI further states that the cited rule speaks for itself and denies all allegations that are inconsistent with the text of the rule. To the extent a further answer is required, BCI denies the allegations of paragraph 59.

60. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

**ANSWER:** BCI states that the allegations of paragraph 60 are legal conclusions to which no response is required. BCI further states that the cited rule speaks for itself and denies all allegations that are inconsistent with the text of the rule. To the extent a further answer is required, BCI denies the allegations of paragraph 60.

12

61.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**ANSWER:**     BCI denies the allegations of paragraph 61.

62.     Defendant violated 47 U.S.C. § 227(c)(5) because it placed telemarketing and solicitations calls to Plaintiff and members of the Class, more than once in a 12-month period in violation of 47 C.F.R. § 64.1200.

**ANSWER:**     BCI denies the allegations of paragraph 62.

63.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**ANSWER:**     BCI denies the allegations of paragraph 63.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted from BCI.

2. Plaintiff's claims are barred in whole or in part, because Plaintiff consented to receive calls from BCI on September 15, 2025.

3. Plaintiff's claims against BCI are barred in whole or in part because Plaintiff has not suffered a concrete injury caused by BCI and therefore does not have standing to sue BCI.

4. Plaintiff's claims against BCI are barred because BCI has established and implemented reasonable practices to prevent violations of the TCPA.

5. Plaintiff's claims are barred by the fact that BCI did not utilize an auto dialer to initiate any calls to Plaintiff.

6. Plaintiff's claims are barred in whole or in part because allowing the full statutory damages available on a class basis would violate BCI due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

7. BCI expressly reserves the right to assert additional affirmative defenses as may be appropriate as this case proceeds and additional facts are learned.

DATED this 19th day of November, 2025.

Respectfully submitted,

*/s/ Ashni B. Gandhi*
Ashni B. Gandhi
**MICHAEL BEST & FRIEDRICH LLP**
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: (312) 596-5812
Ashni.gandhi@michaelbest.com
*Attorney for Defendant*

14

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that on November 19, 2025, a copy of the foregoing

***Defendant's Answer to the Complaint*** was caused to be served via electronic copy upon the following

attorneys of record.


<u>/s/ *Ashni B. Gandhi*          </u>
Ashni B. Gandhi
One of the Attorneys for Plaintiff