UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE SILVIS, *on behalf of herself and others similarly situated*, | No.: 1:25-cv-13006-EEC |
| Plaintiff, | Honorable Judge Edmond E. Chang |
| v. | |
| BATH CONCEPTS INDUSTRIES, LLC, | **JOINT CASE MANAGEMENT STATEMNENT** |
| Defendant. | |

Plaintiff Stephanie Silvis ("Plaintiff") and Defendant Bath Concepts Industries, LLC ("Defendant") (collectively, the "Parties"), by and through counsel, certify that they have conferred pursuant to Federal Rule of Civil Procedure 26(f) and submit this Joint Case Management Statement reflecting the result of that conference and their respective positions with respect to the items below.

**1. The Nature of the Case**

    a.  **Identify the attorneys of record for each party, including the lead trial attorney.**

*Attorneys for Plaintiff:*    Samuel J. Strauss (lead trial attorney)
                                     **Strauss Borrelli, PLLC**
                                     980 N. Michigan Ave., Suite 1610, Chicago IL 60611
                                     Telephone: (872) 263-1100
                                     sam@straussborrelli.com

                                     Anthony Paronich
                                     **PARONICH LAW, P.C**.
                                     350 Lincoln St., Suite 2400
                                     Hingham, MA 02043
                                     Telephone: (617) 485-0018
                                     anthony@paronichlaw.com

*Attorney for Defendant:*    Ashni B. Gandhi
                                     444 W. Lake Street, Suite 3200
                                     Chicago, IL 60606

Telephone: 312-222-0080
Ashni.gandhi@michaelbest.com

### b.  State the basis for federal jurisdiction

The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, because the case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

### c.  Describe the nature of the claims asserted in the complaint and any counterclaims.

Plaintiff alleges that Defendant violated the TCPA by repeatedly calling her residential telephone number. Plaintiff alleges she did not consent to the calls, and her number has been on the National Do-Not-Call Registry since April 2005. Despite this, Plaintiff received at least 61 calls from Defendant between September 15, 2025 and October 11, 2025 soliciting their bath remodeling services. Defendant denies all material allegations to Plaintiff's complaint, including but not limited to the allegation that Plaintiff did not consent to being called on her residential telephone number.

### d.  State the major legal and factual issues in the case.

The first factual issue include whether Defendant placed, or caused to be placed the alleged telephone solicitations to Plaintiff, the purpose of the subject calls, and whether Plaintiff consented to receiving calls from Defendant.

The principal legal issues include whether Defendant violated the TCPA, 47 U.S.C. § 227 by placing unlawful telemarking phone calls to Plaintiff; whether the proposed "National DNC Class" should be certified; and whether the violations were willful or knowing.

### e.  Describe the relief sought by the plaintiff (and counter-claimant).

Plaintiff brings this lawsuit seeking declaratory and other equitable relief as is necessary to protect the interests of Plaintiffs and the Class, injunctive relief as is necessary to protect the

interests of Plaintiff and the Class, actual, exemplary, compensatory, punitive, and statutory damages, as allowed by law, and reasonable attorneys' fees and costs.

## 2. Pending Motions and Case Plan

a. **Important: state the status of service of process on each defendant.**

Defendant has been served. Defendant filed an answer on November 19, 2025. (Dkt. 11.)

b. **Identify all pending motions.**

There are no pending motions.

c. **Submit a proposal for a discovery plan, including the following information:**

i. **The general type of discovery needed.**

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support her anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that Defendant may file. Plaintiff will seek from the Defendant (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff anticipates requiring deposition testimony of the Rule 30(b)(6) representative for Defendant, individual employees and/or agents of Defendant, and third parties with knowledge of information surrounding the alleged TCPA violations.

ii. **A date for Rule 26(a)(1) disclosures.**

December 16, 2025.

iii. **A date to issue the first-set of written discovery requests.**

January 23, 2026.

**iv. A fact discovery completion date.**

January 27, 2027.

**v. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony).**

Plaintiff's Class Expert Reports: December 30, 2026

Defendant's Rebuttal Class Expert Reports by: January 27, 2027

Completion of expert Depositions: February 24, 2027

Motion to exclude experts: March 31, 2027

Oppositions to Motion to Exclude Experts: April 28, 2027

**vi. A deadline under Civil Rule 16(b) to add parties or to amend pleadings.**

January 21, 2026.

**vii. A date for the filing of dispositive motions.**

Proponent by: May 26, 2027

Respondent by: June 16, 2027

Reply In Support: June 30, 2027

**viii. A date for the filing of class certification.**

Plaintiff's Motion for Class Certification: December 30, 2026

Defendant's Opposition to Class Certification: January 27, 2027

Plaintiff's Reply In Support: February 24, 2027

Within fourteen (14) days of a ruling on Plaintiff's Motion for Class Certification, the Parties propose that they meet and confer to discuss modifications to the proposed schedule and/or to set a further schedule for any remaining necessary merits fact discovery, merits expert reports and/or any further discovery necessary prior to trial.

    d. **State whether a jury trial is requested and the probable length of trial (including jury selection, jury addresses, and jury deliberations).**

A jury trial is requested. The Parties anticipate that a class action trial would last approximately

5–7 days.

    e. **State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**

Yes, the Parties agree to service of pleadings and other papers by electronic means.

**3. Consent to Proceed Before a Magistrate Judge**

    a. **State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment. The Court *strongly* encourages parties to consent to the jurisdiction of the Magistrate Judge. Of course, the parties are free to withhold consent without any adverse substantive consequences.**

The Parties do not consent to proceed before a magistrate judge.

**4. Status of Settlement Discussions**

    a. **State whether any settlement discussions have occurred;**

The Parties have not yet engaged in settlement discussions.

    b. **Describe the status of any settlement discussions; and**

Plaintiff anticipates sending Defendant a settlement offer once Defendant provides Plaintiff

with preliminary information.

    c. **Whether the parties request a settlement conference.**

The Parties do not request a settlement conference at this time.

Dated: December 3, 2025           Respectfully Submitted,

**PARONICH LAW, P.C.**          **MICHAEL BEST & FRIEDRICH LLP**

*/s/ Anthony Paronich*           */s/ Ashni B. Gandhi*
Anthony Paronich               Ashni B. Gandhi, Esq.
**PARONICH LAW, P.C**.          Ashni.gandhi@michaelbest.com

350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

Samuel J. Strauss (lead trial attorney)
**Strauss Borrelli, PLLC**
980 N. Michigan Ave.,
Suite 1610, Chicago IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com


*Counsel for Plaintiff*

444 W. Lake Street, Suite 3200
Chicago, IL 60606
312-222-0080

*Counsel for Defendant*