— **EXHIBIT 1** —

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE SILVIS, *on behalf of herself and others similarly situated,* | No.: 1:25-cv-13006 |
| Plaintiff, | Honorable Judge Edmond E. Chang<br>Honorable M. David Weisman |
| v. | |
| BATH CONCEPTS INDUSTRIES, LLC, | |
| Defendant. | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Bath Concepts Industries, LLC, ("BCI") by and through its attorneys, Michael Best & Friedrich, LLP, hereby answers Plaintiff's Request for Production of Documents pursuant to Federal Rules of Civil Procedure 34 as follows:

**OBJECTIONS TO DEFINITIONS**

BCI makes the following objections to the Definitions set forth in Plaintiff's Request for Production of Documents.

1. BCI objects to Plaintiff's definition of "Defendant" on the basis that it improperly includes BCI's attorneys or representatives. BCI shall define "Defendant" to mean Bath Concepts Inc. and its affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees and agents.

2. BCI objects to Plaintiff's definition of "Document" to the extent it is inconsistent with the definition of "document" provided in Rule 34. BCI will only produce documents and ESI from persons and entities within BCI's possession, custody, or control.

3. BCI objects to Plaintiff's definitions of "identify" when used in reference to a document, when used in reference to a natural person, and when used in reference to an entity as they are unduly burdensome and places an obligation that is more burdensome than Rules 33 and 34 require. With respect to referencing a document, BCI will not state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and will not identify the custodian. BCI will identify when documents are not in its possession, custody, or control. However, in the event that a document was, but no longer is, in BCI's possession, custody, or control, BCI will not describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

4. BCI objects to the definition of "Telemarketing" as "a telecommunication that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States" is broader than the definition imposed by the TCPA. Under 47 C.F.R. § 64.1200(f), "telemarketing" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person. Accordingly, BCI will interpret the term "telemarketing" consistent with the definition provided by the TCPA.

5. BCI objects to Plaintiff's definition of "You" because it improperly includes "past offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees and agents that are not currently in BCI's possession, custody, or control. BCI further objects on the basis that Plaintiff's definition of "You" includes BCI's attorneys, legal representatives, or agents acting in a legal-representative capacity. This

inclusion invades the attorney-client privilege and work product doctrine. BCI will only construe "You" to mean present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, and non-legal agents.

## OBJECTION TO RELEVANT TIME PERIOD

BCI objects to the Relevant Time period of four years from the filing of the Complaint as overly broad and unduly burdensome. Plaintiff's Complaint alleges that she began receiving unsolicited text messages around September 15, 2025. BCI will respond to Plaintiff's Requests and Interrogatories using the time period January 1, 2025 to present.

## RESPONSES TO DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** BCI will produce all nonprivileged documents responsive to Request No. 1 in its possession, custody, or control on or before January 29, 2026.

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** BCI will produce all nonprivileged documents responsive to Request No. 2 in its possession, custody, or control on or before January 29, 2026.

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:** BCI will produce all nonprivileged documents responsive to Request No. 3 in its possession, custody, or control on or before January 29, 2026.

4. Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:** BCI objects to this Request as premature, irrelevant, and disproportionate to the parties' claims and defenses in this case. The Court has not certified a class action in this

case and therefore, there is no defined set of class members. BCI also objects on the basis that "all documents relating to any failure by a vendor of [BCI]" is irrelevant to the allegations set forth in Plaintiff's complaint because Plaintiff alleges that BCI called Plaintiff. Subject to and without waiving the foregoing objection, BCI states that it does not have any relevant, nonprivileged documents responsive to this Request in its possession, custody, or control.

      5.      Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

      **RESPONSE:** BCI objects to this Request as premature, irrelevant, and disproportionate to the parties' claims or defenses in this case. The Court has not certified a class action in this case, and therefore, there is no defined set of class members. Thus, "all complaints or do-not-call requests concerning outbound calls made by [BCI]" that are not complaints or do-not-call requests made by Plaintiff is irrelevant to the allegations set forth in Plaintiff's complaint. BCI states that it is willing to confer in good faith with Plaintiff regarding the necessity and relevancy of this Request.

      6.      All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

      **RESPONSE:** BCI objects to this Request as overly broad and unduly burdensome to the extent it seeks "all contracts or documents" with "any vendor." Additionally, in this case, Plaintiff provided BCI with her telephone number or information. Therefore, "agreements with any vendor" that "provided you with the Plaintiff's telephone number or information" is irrelevant and disproportionate to the needs of the case. Subject to and without waiving the foregoing objection, BCI will produce all nonprivileged documents responsive to Request No. 6 in its possession, custody, or control on or before January 29, 2026.

7. All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** BCI objects to this Request to the extent that it seeks documents and communications covered by the attorney-client privilege or work product doctrine. Further, BCI objects to this Request as overly broad and unduly burdensome to the extent it seeks "all internal communications at [BCI] regarding any vendor." Subject to and without waiving the foregoing objection, BCI states that it does not have any relevant, nonprivileged documents responsive to this Request in its possession, custody, or control.

8. All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** BCI objects to this Request to the extent that it seeks "all contracts or documents representing agreements with any third party." BCI also objects to this Request as irrelevant because Plaintiff allegedly received calls from BCI, not a third party. Subject to and without waiving the foregoing objection, BCI states that it does not have any relevant, nonprivileged documents responsive to this Request in its possession, custody, or control.

9. All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** BCI objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll communications with any third party that dialed the calls to the Plaintiff." Also, BCI objects on the basis that this Request assumes that a third party dialed the calls to Plaintiff. Subject to and without waiving the foregoing objection, BCI states that it does not have any relevant, nonprivileged documents responsive to this Request in its possession, custody, or control.

10. All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:** BCI objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll internal communications at [BCI] regarding any third party that dialed the calls to the Plaintiff." Further, BCI objects that these internal communications are not relevant to Plaintiff's claims or defenses because Plaintiff consented to BCI's calls. Subject to and without waiving the foregoing objection, BCI states that it has no documents in its possession, custody, or control responsive to this Request.

11. All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** BCI objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll internal communications at [BCI] regarding any third party that dialed the calls to the Plaintiff." Further, BCI objects that these communications are not relevant to Plaintiff's claims or defenses because Plaintiff consented to BCI's calls, and provided BCI her phone number. Subject to and without waiving the foregoing objection, BCI states that it does not have any relevant, nonprivileged documents responsive to this Request in its possession, custody, or control.

12. All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** BCI objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll internal communications at your company regarding any third party" that are not related to Plaintiff's claims and defenses. Subject to and without waiving the foregoing objection, BCI states that it does not have any relevant, nonprivileged documents responsive to this Request in its possession, custody, or control.

13. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** BCI will produce all nonprivileged documents responsive to this Request in its possession, custody, or control on or before January 29, 2026.

14. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:** BCI objects to this Request as premature, irrelevant, and not proportional because Plaintiff provided consent to BCI's call. Further, BCI objects on the basis that the Court has not certified a class action in this case and, therefore, there is no defined set of class members. Subject to and without waiving the foregoing objection, BCI will produce all nonprivileged documents responsive to this Request in its possession, custody, or control on or before January 29, 2026.

15. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:
   a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;
   b) obtaining or verifying prior express consent;
   c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:** BCI objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of which each policy was in force." BCI also objects to this Request as premature, irrelevant, and not proportional. The Court has not certified a class action in this case and, therefore, there is no defined set of class members. Additionally, in this case Plaintiff alleges she received calls from BCI. However, Plaintiff gave her express consent to receive such calls from BCI. BCI states it is willing to meet and confer in good faith with Plaintiff regarding the necessity and relevancy of this Request.

7

16. Please produce all documents containing any of the following information for each outbound marketing call sent by you or your vendors:
   a) the date and time;
   b) the caller ID;
   c) any recorded message used;
   d) the result;
   e) identifying information for the recipient; and
   f) any other information stored by the call detail records.

**RESPONSE:** BCI objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" for "each outbound marketing call" irrespective of the individual called. BCI also objects on the basis that the Request is premature, irrelevant, and disproportionate to needs of this case. The Court has not certified a class action in this case and therefore, there is no defined set of class members. Subject to and without waiving the foregoing objection, BCI will produce documents containing information for each outbound call sent by BCI to Plaintiff in its possession, custody, or control on or before January 29, 2026.

17. Please provide all evidence of written consent to make calls in response to the foregoing, including any language that your company asserts complies with the E-Sign Act.

**RESPONSE:** BCI objects to this Request as vague and misleading to the extent that it requests "all evidence." BCI also objects to this Request as vague and ambiguous because it requests "any language that your company asserts complies with the E-Sign Act." Plaintiff requests specific language on compliance with a federal statute, without any reference to what documents contain this language. BCI will produce all nonprivileged documents responsive to this Request in its possession, custody, or control on or before January 29, 2026.

18. All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:** BCI objects to Request No. 18 as overly broad and unduly burdensome to the extent it seeks "all communications." BCI further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege and/or work product

8

doctrine. BCI also objects to this Request to the extent such responsive documents are in Plaintiff's or a third-party's possession, custody, or control. Moreover, "all communications with any party concerning this litigation" is neither relevant to the claims and defenses in this action nor proportional to the needs of this case in the instance such documents do not relate to the claims alleged in the Complaint. Subject to and without waiving the foregoing objection, BCI will produce documents responsive to Request No. 18 in its possession, custody, or control on or before January 29, 2026.

Dated: January 23, 2026

                 Respectfully submitted,

                 */s/ Ashni B. Gandhi*
                 Joseph L. Olson
                 Ashni B. Gandhi
                 **Michael Best & Friedrich, LLP**
                 444 W Lake St., Suite 3200
                 Chicago, IL 60606
                 jlolson@michaelbest.com
                 ashni.gandhi@michaelbest.com


                 *Attorneys for Defendant BCI*

9

## **CERTIFICATE OF SERVICE**

I, Ashni B. Gandhi, hereby certify that on January 23, 2026, I caused the foregoing to be transmitted by electronic mail (e-mail) to the following:

> Samuel J. Strauss
> **STRAUSS BORRELLI PLLC**
> 980 N Michigan Ave., Suite 1610
> Chicago, IL 60611
> T: 872-263-1100
> F: 872-263-1109
> sam@straussborrelli.com

*/s/ Ashni B. Gandhi*