# — **EXHIBIT 3** —

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

BETH SARVER ASHWORTH,

                Plaintiff,

v.                                        Civil Action No. 4:25-cv-26

POPILUSH, LLC,

                Defendant.

## ORDER

This matter is before the court on Plaintiff Beth Sarver Ashworth's Motion to Compel Defendant Popilush, LLC ("Popilush") to produce discovery materials related to Popilush's affirmative defense and this putative class action, (ECF No. 22, at 1-14).[1] Plaintiff argues that the discovery she seeks is directly relevant to Popilush's "consent defense," "class certification," and "liability and damages" arguments, is routine in Telephone Consumer Protection Act ("TCPA") cases, and is "readily retrievable from Popilush's own electronic records." Pl.'s Mot. to Compel Disc. ("Pl.'s Mot.") (ECF No. 22, at 2). Although Popilush eventually provided Plaintiff with outbound texting records, they were limited to Plaintiff and did not include all the documents Populish will rely on to support its affirmative defense of consent and arguments against class certification because Defendant believes it "does not have to provide documents relating to any party other than the plaintiff." Id. at 6 (quoting Paronich Decl. ¶ 19 (ECF No. 23, at 5)). Defendant's responsive brief, which was appended to Plaintiff's filing, (ECF No. 22, at 15-18), argues that Plaintiff consented to receive text messages from Defendant and is thus not a suitable

---

[1] In support of her Motion, Plaintiff also filed a Declaration from her counsel Anthony I. Paronich, ("Paronich Decl.") (ECF No. 23).

1

class representative. Defendant contends it should not be required to produce evidence of absent class members' consent until after class certification has been granted. Id. at 17-18.

On February 3, 2026, the court held a hearing via Zoom with both parties present. The court finds that there is a reasonable dispute as to whether Plaintiff herself consented. The court has not bifurcated discovery, and thus all evidence relevant to certification must be produced in the unified discovery period. Additionally, Defendant has not adequately shown any substantial burden to warrant further delay of production for data that is relevant and discoverable.

Accordingly, for the reasons stated on the record, the court GRANTS the Plaintiff's Motion to Compel, (ECF No. 22), and DIRECTS Defendant to produce data of any evidence Popilush has regarding consent by absent class members from the electronic dataset identifying text messages sent to over 200,000 unique telephone numbers that were on the National DNC Registry within **14 days** of this Order. Any data produced shall be marked confidential and subject to the parties' forthcoming Stipulation for Entry of a Protective Order.

IT IS SO ORDERED.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
February 3, 2026

2