**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE SILVIS, *on behalf of herself and others similarly situated,*<br><br>Plaintiff,<br><br><br>v.<br><br><br><br>BATH CONCEPTS INDUSTRIES, LLC,<br><br>Defendant. | No.: 1:25-cv-13006-EEC<br><br><br>Honorable Judge Edmond E. Chang<br><br>Honorable M. David Weisman |

**DEFENDANT BATH CONCEPTS INDUSTRIES, LLC'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Plaintiff's Motion asks this Court to compel BCI to engage in class discovery seeking more than four years of nationwide call records, consent data, and consumer complaints before resolving a threshold, potentially dispositive issue unique to Plaintiff's individual claim: whether she consented to the calls at issue. That approach runs counter to the proportionality and efficiency directives in the Federal Rules.

BCI has pleaded and produced video and documentary evidence showing that Plaintiff consented to the calls at issue. Plaintiff responds with a declaration denying consent but offers no objective corroboration for that denial. That alone does not justify compelling early stage, nationwide class discovery. Where, as here, the only named plaintiff's TCPA claim turns on a narrow, individualized issue that may resolve the case entirely, courts routinely bifurcate and sequence discovery to address that issue first, avoiding the substantial cost and burden of potentially unnecessary class discovery.

BCI has already produced discovery related to Plaintiff's individual claim, including Plaintiff-specific call records and evidence of consent. In light of Plaintiff's declaration, BCI now seeks limited additional, plaintiff-specific discovery (including Plaintiff's deposition) to confirm the viability of a targeted dispositive motion. That is the most efficient and sensible path forward. The Court should deny Plaintiff's Motion and decline to compel classwide discovery unless and until Plaintiff establishes a viable individual claim through proportional, individualized discovery.

## BACKGROUND

Plaintiff alleges BCI violated the TCPA by calling her cell phone without consent. (*See generally* Dkt. 1.) BCI has consistently maintained and produced evidence that Plaintiff subscribed and consented to receiving calls from BCI at the cell phone number referenced in the complaint. (Dkt. 11, ¶¶ 4, 9-25; Affirmative Defense No. 2; *see also* Exhibit A, Declaration of Ashni B. Gandhi ("Gandhi Dec."), ¶ 6; Exhibit B, BCI_000002 (Certificate of Authenticity for Web Leads); Exhibit C, BCI_000079 (Video of Consent).)

On December 23, 2025, Plaintiff served her First Set of Discovery Requests to BCI. (Ex. A, Gandhi Dec., ¶ 4.) Those requests sought documents and information spanning four years prior to the filing of the complaint through the present (*i.e.,* from October 2021 forward). (*See id.*)

On January 23, 2026, BCI provided responses to Plaintiff's discovery. (*See* Dkt. 22.001.) In those responses, BCI agreed to produce, among other things:

- Documents relating to Plaintiff and BCI's communications with her;

- Plaintiff-specific call records;

- Video and documentary evidence of Plaintiff's consent; and

- Insurance and indemnity documents.

(*See id.* (RFP Nos. 1-3, 6, 13-14, 16-18).) BCI made its first document production on January 29, 2026. (Ex. A, Gandhi Dec., ¶ 6.)

BCI objected to Plaintiff's requests for classwide discovery untethered to Plaintiff's individual claim, including requests for all policies for compliance with the TCPA or FCC's regulations and all documents necessary to construct a timeline of when each policy was in force (RFP No. 15), all outbound call logs (RFP No. 16), and all consumer complaints nationwide (RFP No. 5). (Dkt. 22.001 (RFP Nos. 15, 16, 5).)[1] BCI objected to these requests as premature, and at this stage, irrelevant to Plaintiff's individual claim and disproportionate to the needs of case. (*Id.*) BCI indicated it was willing to confer in good faith regarding the scope and relevance of Plaintiff's requests. (*Id.*)

During the parties' meet and confer, BCI explained that these classwide requests are, at minimum, premature because BCI has produced evidence Plaintiff consented to the calls, and Plaintiff therefore cannot serve as a proper class representative if her individual claim fails. (Ex. A, Gandhi Dec., ¶ 8.) Thus, Plaintiff's burdensome requests seeking years of nationwide discovery targeting classwide issues would be unnecessary and disproportionate to the needs of the case.

Plaintiff failed to satisfy the Court and local rule's meet and confer requirements with respect to its request for all evidence of written consent to make calls (RFP 17). Plaintiff's Motion implicitly concedes that it did not meet and confer on RFP 17. (Dkt. 22 at 1-2.) An email sent by counsel for Plaintiff's to counsel for BCI summarizing the meet and confer confirms the same. (Ex. A, Gandhi Dec., ¶ 8; Ex. D, email from A. Paronich to A. Gandhi dated 2/13/2026

---

[1] The Parties conferred regarding RFP 15. But Plaintiff's Motion does not address RFP No. 15. (*See generally* Dkt. 22.) Because Plaintiff's Motion does not seek to compel documents responsive to RFP 15, it is not at issue, and BCI's response does not address it.

(summarizing meet and confer objectives on Interrogatories Nos. 4 and 12 and RFP Nos. 5, 7, 11, 15, 16, and 18).).

Plaintiff now moves to compel BCI to produce documents responsive to RFP Nos. 16, 17, and 5. (*See generally* Dkt. 22.)[2]

## LEGAL STANDARD

Rule 26 permits discovery only as to non-privileged matters that are both relevant to a party's claims or defenses and proportional to the needs of the case, taking into account the importance of the issues, the amount in controversy, the parties' relative access to information and resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Where good cause is shown, the Court may modify a scheduling order to limit or sequence discovery to protect a party from undue burden or expense, including by forbidding or deferring disclosure. Fed. R. Civ. P. 26(c)(1)(A); Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 42(b).

Courts are "not limited to either compelling or not compelling a discovery request; in making its ruling, a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines*, 95 F.3d 492, 496 (7th Cir. 1996); *see also Guster-Hines v. McDonald's USA, LLC*, 2024 U.S. Dist. LEXIS 241251, at *9-10 (N.D. Ill. July 11, 2024). Under Rules 26 and 42(b), courts have wide discretion to bifurcate proceedings (including discovery) for "convenience, to avoid prejudice, or to expedite and economize." *See Cameron v. CHW Grp., Inc.*, 2025 U.S. Dist. LEXIS 157374, at *3-4 (D. Utah Aug. 13, 2025).

---

[2] Despite Plaintiff's failure to satisfy the meet and confer requirement, BCI nonetheless addresses Plaintiff's arguments regarding RFP No. 17. (*See* Dkt. 22 at 9.)

Finally, in ruling on these issues and exercising discretion, courts should heed Rule 1's guiding directive "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Cameron*, 2025 U.S. Dist. LEXIS 157374, at *7-8.

## ARGUMENT

Plaintiff's Motion centers on three documents requests: RFP Nos. 16 (all outbound call logs), 17 (all consent evidence BCI intends to use for any putative class member), and 5 (all consumer complaints nationwide). Each of these requests seeks years' worth of classwide data untethered to Plaintiff's individual claim. At this stage, that discovery is premature, irrelevant to Plaintiff's individual claim, unduly burdensome, and disproportionate to the needs of the case.

BCI has produced evidence that Plaintiff consented to the calls at issue. If Plaintiff consented to the calls, then Plaintiff's individual claim fails as a matter of law, the putative class claims necessarily fail with it, and any classwide discovery would be rendered wholly unnecessary. *See, e.g., Shields v. Sonora Quest Lab'ys, LLC*, 2017 U.S. Dist. LEXIS 205044, at *31 (D. Ariz. Mar. 29, 2017) (granting summary judgment and denying certification in TCPA case where plaintiff consented, holding the plaintiff's claims "do not succeed and she, therefore, is not a member of the class"). Accordingly, the Court should deny Plaintiff's motion and sequence discovery to address Plaintiff's individual claim (and any dispositive motion arising from it) before permitting classwide discovery.[3]

---

[3] If the Court prefers a formal bifurcation motion, BCI is happy to prepare and file one promptly. BCI did not file a separate bifurcation motion before the Court's hearing on Plaintiff's Motion to Compel to avoid unnecessary motion practice and duplicative briefing where the sequencing issue is squarely presented by Plaintiff's Motion. The considerations supporting bifurcation apply with equal force here.

I. **Discovery and Dispositive Motions Should First Focus on Plaintiff's Individual Claim Because Consent is a Threshold, Case Dispositive Issue.**

   A. **Courts Routinely Bifurcate Discovery in TCPA Cases.**

District courts have broad discretion to manage their dockets, including authority to control the sequence and timing of discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998); *see also Cameron*, 2025 U.S. Dist. LEXIS 157374, at *4 n. 15. Exercising that discretion is especially warranted where, as here, targeted discovery and dispositive motions on the purported representative plaintiff's individual claim "could stave off substantial wasted efforts" and promote Rule 1's directive "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See Am's Health & Res. Ctr., Ltd., v. Promologics, Inc.*, 2018 U.S. Dist. LEXIS 120590, at *16 (N.D. Ill. July 19, 2018) (quoting Fed. R. Civ. P. 1).

Courts can sequence discovery in putative class actions so that plaintiff-specific issues can be addressed first, before undertaking broader discovery that may ultimately prove unnecessary. *See, e.g., Horton v. Southwest Med. Consulting, LLC*, 2017 U.S. Dist. LEXIS 213982, at *2 (N.D. Okla. Aug. 14, 2017) ("Courts often bifurcate discovery in class action cases for the sake of efficiency."); *Whittington v. Mobiloil Fed. Credit Union*, 2018 U.S. Dist. LEXIS 156662, at *4-5 (E.D. Tex. Apr. 5, 2018) (denying class discovery where plaintiff's individual claims should be first addressed because classwide discovery would impose substantial additional burden and expense).

Consistent with these principles, courts routinely limit or bifurcate classwide discovery in TCPA actions where the named plaintiff's individual claim is subject to a potentially dispositive threshold question, such as a consent defense. *See, e.g., Cameron*, 2025 U.S. Dist. LEXIS 157374, at *7-8 (bifurcating discovery between the plaintiff's individual claim and class discovery); *Sapan v. Fin. Of Am. Reverse LLC*, 2025 U.S. Dist. LEXIS 136659, at *8 (C.D. Cal. July 14, 2025)

6

(same); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 U.S. Dist. LEXIS 94011, at *6 (N.D. Ohio May 29, 2023) ("In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery."); *Moore v. Demand Science Grp., LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024).[4] Courts recognize that focused discovery into the merits of the named plaintiff's individual claim may resolve (or at least substantially narrow) the case, sparing the parties and the court the burden of premature and unnecessary classwide discovery. *See Moore*, 2024 WL 175743, at *1 (bifurcating discovery because "[t]he Court is concerned about wholly unnecessary discovery" and "it is more efficient to proceed with limited and targeted discovery" where "the overlap between the proposed initial discovery and merits discovery is minimal"); *Fania*, 2024 U.S. Dist. LEXIS 93665, at *7-8 (bifurcation is appropriate where "narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery").

**B.      The Factors that Courts Consider in Determining Whether to Bifurcate Discovery Weigh Decisively in Favor of Bifurcation.**

In determining whether to bifurcate discovery between a named plaintiff's individual claims and putative class claims, courts in this district recognize that "bifurcation is generally permitted . . . in cases where it promotes fairness and efficiency." *Marshall v. Grubhub Inc.*, 2022 U.S. Dist. LEXIS 66998, at *9 (N.D. Ill. Apr. 5, 2022). Courts specifically acknowledge that

---

[4] There are numerous other examples, including, but not limited to: *Ragsdale v. Harmony Leads, Inc.*, 2025 U.S. Dist. LEXIS 89239, at *4 (D. Colo. May 9, 2025) (limiting discovery to individual claims before putative class discovery); *Osidi v. Assur. IQ, LLC*, 2022 U.S. Dist. LEXIS 37436, at *4 (D. Mass. Mar. 3, 2022) (bifurcating discovery in TCPA case, finding "the need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed plaintiff lacks viable individual claims"); *Lechinsky v. Inter-Continental Hotels Corp.*, 2015 U.S. Dist. LEXIS 140535, at *3 (M.D. Fla. Oct. 15, 2015) (granting bifurcated discovery in TCPA case); *Newell v. Aliera Healthcare, Inc.*, 2020 U.S. Dist. LEXIS 267290, at *7 (N.D. Ga. Apr. 6, 2020) (reasoning that the limited discovery into the individual plaintiff "has the potential to save the parties and the Court from substantial costs and burdens associated with whole scale class action discovery") (cleaned up); *Fania v. Kin Ins., Inc.*, 2024 U.S. Dist. LEXIS 93665, at *10 (E.D. Mich. May 4, 2024).

bifurcation may be appropriate in TCPA actions where "the resolution of a single issue may resolve the case and render trial on the issues unnecessary, or where a narrow, potentially dispositive issue, being totally distinct from class issues, has the potential to render Plaintiff's TCPA claim baseless." *Id.* (cleaned up). That is precisely the case here.

In conducting a bifurcation analysis, certain courts consider the following factors: (1) whether bifurcation will assist in making a timely ruling on class certification; (2) the impact that granting or denying the request will have on the pending litigation; and (3) the degree to which class and merits discovery are closely intertwined. *See, e.g., Bilek v. Fed. Ins. Co.*, 344 F.R.D. 484, 489 (N.D. Ill. 2023). Other courts have defined the relevant factors as: (1) the degree of overlap between individual and class discovery; (2) whether bifurcation will promote Rule 23's requirement that class certification be decided at an early practicable time; (3) the interests of judicial economy; and (4) any prejudice likely to result from granting or denying a stay of class discovery. *Marshall*, 2022 U.S. Dist. LEXIS 66998, at *11 (citing 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014)); *see also Cameron*, 2025 U.S. Dist. LEXIS 157374, at *3-4. Under either analysis, the circumstances of this case weigh decisively in favor of bifurcation.

***First***, BCI seeks to sequence discovery and focus initially on narrow issues unique to Plaintiff's individual TCPA claim (most notably, whether Plaintiff consented to the subject calls) for which no class or nationwide discovery is necessary. That limited scope creates sufficient separation between individual and class issues to warrant bifurcation. *Cameron*, 2025 U.S. Dist. LEXIS 157374, at *4.

***Second***, "[t]here is nothing in limited individual-focused discovery that prevents class certification at an 'early practicable time,'" and Rule 23 must be applied in harmony with Rule 1. *Id.* Sequencing discovery in this manner advances Rule 1's guiding directive by preventing

unnecessary expense and ensuring that classwide discovery proceeds only if Plaintiff can first establish a viable individual claim.

*Third,* the impact of sequencing discovery and determining this threshold issue of Plaintiff's individualized consent first would be to serve judicial economy. Indeed, like in *Cameron* and all of the other examples provided herein (*see infra* at 6; n. 2), judicial economy would be best served by "an efficient, narrow focus" on Plaintiff's individual claim before proceeding to class discovery. *Id.* If the case is resolved on threshold issues specific to Plaintiff, "the Court's limited resources will be preserved." *Id.*

*Fourth,* although BCI acknowledges sequencing discovery could result in a modest delay to class discovery if Plaintiff's claim survives a targeted dispositive motion on her individual claim following individualized discovery[5], the potential for significant cost and time savings for both the Court and the parties far outweighs any minimal prejudice. And if this Court moves directly to classwide discovery, BCI will be prejudiced and unduly burdened. *See Babare v. Sigue Corp.*, 2020 U.S. Dist. LEXIS 180262, at *6 (W.D. Wash. Sept. 30, 2020) (staying discovery in TCPA case and noting "[i]t is well recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens."); *see also Akselrod v. Marketpro Homebuyers LLC*, 2021 U.S. Dist. LEXIS 5253, at *5 (D. Md. Jan. 11, 2021) (bifurcating discovery in TCPA case and noting class discovery "can be particularly resource intensive"); *Am. Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010) (observing that class action plaintiffs sometimes "us[e] discovery to impose asymmetric costs on Defendants in order to force a settlement advantageous to plaintiff regardless of the merits of his suit."). In these circumstances, bifurcation promotes efficiency, fairness, and proportionality.

---

[5] BCI intends to pursue a targeted dispositive motion upon completion of that limited discovery. BCI understands that it will need permission from the Court to do so.

Accordingly, the Court should deny Plaintiff's Motion and sequence discovery with a dispositive motion schedule to address Plaintiff's individual claim before compelling classwide discovery.

**II.      Plaintiff's Motion to Compel Seeks Premature, Burdensome Nationwide Discovery that is Disproportionate to the Needs of the Case at this Stage.**

The scope of RFPs 16, 17, and 5 confirms sequenced discovery is appropriate. Plaintiff asks this Court to compel discovery that she concedes is almost entirely direct at class certification issues. Indeed, Plaintiff acknowledges that RFP 16 seeks four years' worth of outbound call records relating to putative class members. (Dkt. 22 at 3.) There is no plausible basis on which nationwide outbound call data spanning multiple years could be relevant to Plaintiff's individual claim. And BCI has already produced all call-related data specific to calls made to Plaintiff.

The same is true of RFP 17. RFP 17 seeks records concerning consent obtained from putative class members purportedly receiving calls in the outbound call data requested in RFP 16. (Dkt. 22 at 10.) Plaintiff expressly concedes that this request targets classwide issues, arguing BCI "should be compelled to produce class-wide consent evidence and not merely Plaintiff's specific documentation." (*Id.* at 12-13.) But BCI has already produced evidence of Plaintiff's consent to the subject calls. That is all that is relevant and proportional to the needs of the case at this stage.

Finally, RFP 5 seeks four years' worth of nationwide consumer complaints relating to BCI's telemarketing practices. (Dkt. 22 at 16.) Plaintiff argues such materials could bear on willfulness of any alleged TCPA violation in both the individual and class context. As to Plaintiff individually, BCI has already produced evidence showing it had consent (or at minimum, reasonably believed it had consent) to call Plaintiff. Thus, any consumer complaints unrelated to Plaintiff's claim would have no bearing on an analysis of willfulness as to her claim. Moreover, there is no reasonable justification to compel BCI to undertake the burden of searching for, reviewing, and producing

10

nationwide consumer complaint discovery over a multi-year period where the potentially dispositive issue of Plaintiff's consent has not yet been resolved and heard by the Court.

At bottom, courts repeatedly emphasize that class discovery is expensive and asymmetrical, with defendants bearing the overwhelming burden. *See, e.g., Babare*, 2020 U.S. Dist. LEXIS 180262, at \*6. Forcing BCI into nationwide class discovery (particularly where Plaintiff seeks over four years' worth of that nationwide data) before resolving Plaintiff's individual consent would impose the kind of unnecessary expense Rule 1 is designed to prevent. If Plaintiff's claim survived more focused, individualized discovery and a targeted dispositive motion, class discovery can proceed. If it does not, the parties and the Court will have avoided needless cost and burden.

### III. Plaintiff's Self-Serving Declaration Does Not Justify Immediate Classwide Discovery.

The Court should not permit Plaintiff to use a self-serving, conclusory declaration submitted with her Motion as a vehicle to open the door to classwide discovery. Plaintiff argues that BCI's evidence of consent is now "disputed" because she has submitted a declaration denying that she completed a consent form. The uncorroborated assertions in that declaration are insufficient to justify the burden and cost of nationwide class discovery at this stage.

First, Plaintiff's declaration is not supported by any contemporaneous documentary evidence such as device records, browser history, IP logs, or location data. All of this would be uniquely within Plaintiff's possession if her assertions are accurate. Nor does Plaintiff provide any third-party support for her assertions. A bare denial, untethered to any objective corroboration, is properly explored and tested through targeted, Plaintiff-specific discovery and deposition testimony, not through premature and costly classwide discovery based solely on Plaintiff's word.

Plaintiff's declaration does not convert the straightforward, individualized consent defense into a basis for classwide discovery. At most, it raises an issue that should be tested through limited individualized discovery and, if appropriate, a threshold dispositive motion. That sequencing is especially appropriate where, as here, Defendant has produced evidence of consent and seeks only limited, plaintiff-specific discovery to test Plaintiff's purported competing account.

Moreover, because BCI has produced affirmative evidence of consent it received from its vendor, there can be no dispute BCI reasonably understood it had permission to call Plaintiff's number. Even assuming that someone besides Plaintiff herself provided that consent in Plaintiff's name using Plaintiff's number and address, BCI should be entitled to pursue that case dispositive theory before being compelled to engage in premature and unnecessary classwide discovery.

## IV. BCI Proposes a Short 90-Day "Phase 1" For Remaining Discovery on Plaintiff's Individual Claim.

BCI proposes a limited, 90-day discovery period focused exclusively on the merits of Plaintiff's individual TCPA claim, followed by a streamlined, targeted dispositive motion deadline. That initial phase would permit focused discovery into the threshold issue of consent, including Plaintiff's deposition and related plaintiff-specific evidence, without imposing the significant cost and burden of premature classwide discovery.

If that targeted discovery confirms that Plaintiff consented to the calls at issue, or that Plaintiff cannot substantiate the factual assertions made in her declaration, then summary judgment briefing and resolution of the case would likely be straightforward and efficient. Sequencing discovery in this manner serves Rule 1's mandate by avoiding unnecessary expense while preserving the Court's and the parties' resources. And Courts routinely adopt similar bifurcated discovery schedules in TCPA cases for precisely these reasons. *See, e.g., Moore*, 2024 WL 175743,

at *1; *Pavelka*, 2023 U.S. Dist. LEXIS 94011, at *6; *Newell*, 2020 U.S. Dist. LEXIS 267290. The Court should not hesitate to do so here.

## CONCLUSION

For the foregoing reasons, BCI respectfully requests that the Court deny Plaintiff's Motion to Compel and sequence discovery to resolve Plaintiff's individual consent issues before any classwide discovery proceeds.

Dated: March 6, 2026                    Respectfully Submitted,

**MICHAEL BEST & FRIEDRICH, LLP**

*/s/ Ashni B. Gandhi*
Ashni B. Gandhi
Joeseph L. Olson
**MICHAEL BEST & FRIEDRICH, LLP**
444 W. Lake St., Ste. 3200
Chicago, Illinois, 60606
T: 312-222-0800
F: 312-222-0818
ashni.gandhi@michaelbest.com
jlolson@michaelbest.com

*Attorneys for Defendant Bath Concepts Industries, LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **Defendant Bath Concepts Industries, LLC's Response in Opposition to Plaintiff's Motion to Compel** was served upon all counsel of record by email on the 6th day of March, 2026.

/s/ *Ashni B. Gandhi*
*Attorney for Defendant*