**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE SILVIS, on behalf of herself and others similarly situated, | ) ) ) | |
| | ) | **No. 25 CV 13006** |
| Plaintiff, | ) ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| v. | ) ) | |
| BATH CONCEPTS INDUSTRIES, LLC, | ) ) | |
| | ) ) | |
| Defendant. | ) | |

**ORDER**

The case is before the Court on plaintiff's motion to compel defendant to respond to her requests for production ("RFPs") 5, 15 , and 16. For the reasons set forth below, the Court denies the motion without prejudice [ECF 22].

**Discussion**

Plaintiff alleges that defendant violated the Telephone Consumer Protection Act by making telemarketing calls promoting its business to her telephone number without her consent. Plaintiff asks the Court to compel defendant to comply with the following RFPs:[1]

5. Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request [sic], but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:** BCI objects to this Request as premature, irrelevant, and disproportionate to the parties' claims or defenses in this case. The Court has not certified a class action in this case, and therefore, there is no defined set of class members. Thus, "all complaints or do-not-call requests concerning outbound calls made by [BCI]" that are not complaints or do-not-call requests made by Plaintiff is irrelevant to the allegations set forth in Plaintiff's complaint. BCI states that it is

---

[1] Plaintiff's brief contains a different version of this request: "Please produce all complaints concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. . . . " (ECF 22 at 14.) We rely on the actual discovery responses attached to the motion. (*See* ECF 22, Ex. 1.)

willing to confer in good faith with Plaintiff regarding the necessity and relevancy of this Request.

15. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following: a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200; b) obtaining or verifying prior express consent; c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

**RESPONSE:** BCI objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of which each policy was in force." BCI also objects to this Request as premature, irrelevant, and not proportional. The Court has not certified a class action in this case and, therefore, there is no defined set of class members. Additionally, in this case Plaintiff alleges she received calls from BCI. However, Plaintiff gave her express consent to receive such calls from BCI. BCI states it is willing to meet and confer in good faith with Plaintiff regarding the necessity and relevancy of this Request.

16. Please produce all documents containing any of the following information for each outbound marketing call sent by you or your vendors: a) the date and time; b) the caller ID; c) any recorded message used; d) the result; e) identifying information for the recipient; and f) any other information stored by the call detail records.

**RESPONSE:** BCI objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" for "each outbound marketing call" irrespective of the individual called. BCI also objects on the basis that the Request is premature, irrelevant, and disproportionate to needs of this case. The Court has not certified a class action in this case and therefore, there is no defined set of class members. Subject to and without waiving the foregoing objection, BCI will produce documents containing information for each outbound call sent by BCI to Plaintiff in its possession, custody, or control on or before January 29, 2026.

(ECF 22, Ex. 1.)

Plaintiff argues that these requests are relevant to both her individual claim and the putative class claims, and because Judge Chang ordered that discovery proceed on both, her motion should be granted. Defendant contends that responding to class discovery requests would be inefficient and wasteful because defendant has evidence that plaintiff consented to receiving calls from defendant, which is a defense to a TCPA claim. Thus, defendant argues that discovery should be bifurcated, and the first phase should focus on plaintiff's individual claim.

Plaintiff is correct that Judge Chang ordered both individual and class discovery to proceed. (ECF 15.) Subsequently, however, he asked the Court to address bifurcation with plaintiff's motion to compel and authorized the Court "to adjust all deadlines." (ECF 16.)

The RFPs that are the subject of plaintiff's motion ask defendant to produce documents pertaining to the class claims for a four-year period. Plaintiff contends that responsive documents are "highly relevant to the numerosity, commonality, typicality, and predominance elements of Rule 23 [and] the calculation of class-wide damages." (ECF 22 at 4.) Defendant argues that its consent defense to plaintiff's claim makes the class-wide discovery requests premature, irrelevant, and disproportionate to the needs of the case.

The Court agrees with defendant. If plaintiff consented to receiving calls from defendant, her TCPA claim fails, and she cannot represent the putative class. *Westmoreland v. Hughes*, 144 F.4th 952, 955–56 (7th Cir. 2025) ("[A] class action requires an adequate class representative, who has claims and defenses typical of the class.") (citing *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015) (citing Fed. R. Civ. P. 23(a))); ("'The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation.'") *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) (quoting *J.H. Cohn & Co. v. Am. Appraisal Assoc. Inc.*, 628 F.2d 994, 999 (7th Cir. 1980)); *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 254 F. Supp. 3d 1007, 1021 (N.D. Ill. 2017) ("[A] plaintiff can't be an adequate representative of the class if the plaintiff is subject to a defense that couldn't be sustained against other class members."). Moreover, though plaintiff disputes it, defendants have proffered sufficient evidence in support of their consent defense to warrant litigating plaintiff's claim before those of the putative class.

Determining whether plaintiff has a viable claim before addressing the class claims will be more efficient and less expensive than conducting discovery on all the claims at once. *See* Fed. R. Civ. P. 1 ("[T]he Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). The discovery period on plaintiff's claim will be brief, the discovery limited in scope, and the burden, which for class discovery falls mainly on defendant, will be minimized. Accordingly, the Court bifurcates plaintiff's claim from the class claims and denies without prejudice plaintiff's motion to compel [ECF 22].

The Court orders the parties to file a joint status report that contains a joint discovery plan for the first phase of this case by May 15, 2026. The parties may also include in the report any other issues that need that Court's attention.

**SO ORDERED.**                                                          **ENTERED: May 4, 2026**

**M. David Weisman**
**United States Magistrate Judge**

4